**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **STACEY BROOKS,** | ) | |
| | ) | |
| *Plaintiff,* | ) | **Case No.: 2:25-cv-02863** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SAMSUNG ELECTRONICS AMERICA,** | ) | |
| **INC., a New Jersey Corporation; JOHN** | ) | |
| **DOES 1 – 10; JANE DOES 1 – 10; and** | ) | |
| **JOHN DOE CORPORATIONS  1 – 10** | ) | |
| **(fictitious names of persons or entities whose** | ) | |
| **identities are presently unknown)** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**COMPLAINT & REQUEST FOR JURY TRIAL**

Plaintiff, **STACEY BROOKS** ("Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC and MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC,** hereby submits the following Complaint against Defendants  Samsung Electronics America, Inc. and John Doe Defendants 1 – 10, Jane Doe Defendants 1 – 10 and John Doe Corporations 1 - 10 (hereafter collectively referred to as "Defendants") based upon New Jersey Products Liability Act N.J.S.A. §2A:58C-1 *et. seq.*, and in support thereof alleges as follows:

**NATURE OF THE ACTION**

1.      This is a products liability action seeking recovery for personal injuries and damages suffered by **Plaintiff,** after Plaintiff purchased and was injured by a Samsung Galaxy Watch 5, Model no. SM-R905U   (hereafter referred to as the "subject smart watch") designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, promoted,

1

distributed and sold by **Samsung Electronics America, Inc.** and John Doe Defendants 1 – 10, Jane Doe Defendants 1 – 10 and John Doe Corporations 1 – 10.

2.      Plaintiff purchased the subject smart watch from her local Verizon store.

3.      On or about April 28, 2023, the subject smart watch overheated and significantly burned Plaintiff's wrist. As a result of the incident, Plaintiff continues to have discolored skin and scarring where the subject smart watch overheated and burned her.

4.      As a direct and proximate result of the Defendants' collective conduct, the Plaintiff in this case have incurred bodily injuries, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## THE PARTIES

5.      Plaintiff is resident and citizen of the city of Brewton, County of Escambia, State of Alabama.

6.      Defendant SEA is a New York Corporation, with its principal place of business located at 85 Challenger Road, Ridgefield Park, NJ 07660-0511. At all relevant times herein, Defendant SEA was engaged in and responsible for the design, manufacture, production, testing, study, inspection, labeling, marketing, advertising, sales, promotion, and distribution of the subject smart watch.

7.      Defendants John/Jane Does are fictitiously named defendants that are presently unknown to Plaintiff at the time of the filing of this Complaint, but who participated in the manufacturing, designing, marketing, advertising, distributing and sale of the subject battery. Defendants John/Jane Does are employees and/or agents of Defendants SEC/SEA and/or Defendants John Doe Corporations. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants John/Jane Does, inclusive, are presently unknown to the Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff is informed and does believe, and

thereupon alleges that each of the Defendants sued herein as John/Jane Does (1-10) are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to the Plaintiff as alleged herein; that when the true names and capacities of such Defendants become known, Plaintiff will ask leave to amend this Complaint to insert the true names, identities and capacities, together with proper charges and allegations.

8.      Defendants John Doe Corporations are professional corporations that are presently unknown to Plaintiff at the time of the filing of this Complaint, but who participated in the manufacturing, designing, marketing, advertising, distributing and sale of the subject smart watch. The true names, identities or capacities whether individual, corporate, associate or otherwise of the Defendants John Doe Corporations are presently unknown to the Plaintiff, who therefore sues those Defendants by such fictitious names. Plaintiff is informed and does believe, and thereupon alleges that each of the Defendants sued herein as John Doe Corporations (1-10) are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to the Plaintiff as alleged herein; that when the true names and capacities of such Defendants become known, Plaintiff will ask leave to amend this Complaint to insert the true names, identities and capacities, together with proper charges and allegations.

**JURISDICTION & VENUE**

9.      This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

10.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant SEA is a resident and citizen of this district.

11.    Jurisdiction and venue in this Court are proper in that Defendants John/Jane Does have established sufficient minimum contacts with the State of New Jersey through the sale and distribution of its products and are subject to personal jurisdiction in this Court.

12.    Jurisdiction and venue in this Court are proper in that Defendants John Corporations have established sufficient minimum contacts with the State of New Jersey through the sale and distribution of its products and are subject to personal jurisdiction in this Court.

## FACTUAL BACKGROUND

13.    Defendants are engaged in the business of designing, manufacturing, producing, testing, studying, inspecting, labeling, marketing, advertising, selling, promoting, and distributing consumer goods and electronics, including smart watches such as the Galaxy 5 smart watch; the subject smart watch at issue in this litigation.

14.    Samsung is among the three largest smartwatch manufacturers, holding 11% of the global smartwatch market share.[1] The smartwatch market is rapidly growing, driven by increasing consumer demand and technological advancements. [2]

15.    The global smartwatch industry is currently valued at around $50.57 billion and expected to reach $143.19 billion by 2032.[3] The increasing trend of health consciousness is a significant driver of the market growth.

16.    Tracking and furthering health is a primary use of smartwatches. For example, 92% of smartwatch users report using smartwatches to track and improve their health and fitness.[4] The Plaintiff in this case was one such user.

---

[1] Naveen Kumar, Smartwatch Statistics (2025): Market & Sales Data, DemandSage (March 5, 2025), https://www.demandsage.com/smartwatch-statistics/
[2] *Id.*
[3] *Id.*
[4] *Id.*

17.     This rapid growth in market share has, likewise, garnered multiple complaints from consumers alleging rashes, skin irritation, or burns from Samsung Galaxy smart watches similar or identical to the subject smart watch.

18.     For example, on Samsung's "Community"[5] forum, multiple galaxy watch users have weighed in on the issue:

> Recently iv noticed this rash developing and it slightly irritates me. The rash area is sore red and it looks like the skin is stretched or burnt. Th picture does bit show as clear as seen in person.

19.     The plaintiff in this case is one such galaxy watch user.

20.     Plaintiff purchased the subject smart watch from her local Verizon store. Plaintiff loved Samsung Galaxy watches and owned several previous models, which had helped her lose ninety pounds over the years.

21.     On April 28, 2023, at around 4 p.m., Plaintiff was on the trampoline when the watch began heating up, and it continually grew hotter until it was burning her skin and causing blistering.

22.     Plaintiff quickly got off the trampoline and attempted to remove the watch but could not get it off her wrist. She began to panic that it was suck to the burnt skin.

23.     Plaintiff was eventually able to remove the subject smart watch from her wrist but, unfortunately, the damage had already been done.

24.     Plaintiff purchased the subject smart watch because of Samsung's representation concerning safety, durability, and performance, and had no reason to expect that the subject smart watch would overheat and injure her.

---

[5] https://eu.community.samsung.com/t5/wearables/galaxy-watch-rash/td-p/692925 (last accessed April 9, 2025)

25.    Further, and despite Samsung's representations to the contrary, the subject smart watch was not safe or fit for the use in which it was intended.

26.    The subject smart watch possessed defects that made it unreasonably dangerous for its intended use by consumers, including the Plaintiff, due to the high degree of risk of the subject smart watch to overheat.

27.    Practical, feasible and safer alternative designs existed that would have prevented or reduced the propensity of the subject smart watch to overheat.

28.    Had Samsung properly disclosed and warned of the significant risks of injury caused by the subject smart watch, Plaintiff would not have purchased the subject smart watch.

29.    Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the subject smart watch as described above, which has caused the Plaintiff to suffer from bodily injuries, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 *et. seq.*)

30.    Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31.    This Count is brought pursuant to N.J.S.A. §2A:58C-1 *et. seq.*, the New Jersey Products Liability Act.

32.    At the time of Plaintiff's injuries, Defendants' smart watches were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

33.    Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

6

34.     Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq.*, is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the blender did not conform to the implied and express warranties of the manufacturer about this product.

35.     Specifically, Defendant's smart watches are unreasonably dangerous due to their propensity to overheat an injury its user; just as it did in this case.

   **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## JURY TRIAL DEMANDED

36.     Plaintiffs are entitled to and demand a trial by jury.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

   A.  On the **FIRST CAUSE OF ACTION,** damages, interest, costs of suit and any such other relief as the Court deems just and proper.

7

Respectfully submitted,

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, LLC**

Date: <u>April 18, 2025</u>

<u>*/s/ Marc Grossman, Esq.*</u>
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
(516) 741-5600
(516) 741-0128 (fax)
mgrossman@milberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq. (MN 0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN 0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
(612) 436-1801 (fax)
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***

8